**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**JAMES LETCHER,**

               **Plaintiff,**

**-vs-**                                                                            **Case No. 6:06-cv-46-Orl-KRS**

**CRAWFORD INDUSTRIAL GROUP, LLC,**
**and SHANE DOLOHANTY,**

               **Defendants.**

_____

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (Doc. No. 35)**
>
> **FILED:** **February 16, 2007**

Defendants Crawford Industrial Group, LLC (Crawford) and Shane Dolohanty seek summary judgment in their favor on three issues: (1) that Plaintiff James Letcher was an executive or administrative employee who was exempt from the overtime provisions of the Fair Labor Standards Act (FLSA), 28 U.S.C. § 201, *et seq.*; (2) that Dolohanty was not an employer for purposes of the FLSA; and (3) that Letcher failed to present evidence that any failure to pay overtime due under the FLSA was willful and, thus, that the statute of limitations permits recovery for only two years preceding the filing of the complaint.

After reviewing the papers filed by the parties and the supporting evidence, and being otherwise thoroughly familiar with the file, I find that material issues of fact preclude entry of summary judgment in favor of the defendants on the question of whether Letcher was an exempt employee.

Similarly, the evidence does not support entry of summary judgment in favor of Dolohanty on the issue of whether he is an employer as defined by the FLSA. Dolohanty testified that he has been the president of Crawford since its formation. Dolohanty Dep. at 3. Dolohanty further averred that he ran the day-to-day operation of Crawford during the time that Letcher worked for Crawford. *Id.* at 4. He oversaw all of the departments of Crawford and approved the policies and procedures Crawford developed with regard to payment of overtime compensation. *Id.* at 4-5. "The overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA . . . ." *Patel v. Wargo*, 803 F.2d 632, 637-38 (11th Cir. 1986) (citing *Donovan v. Agnew*, 712 F.2d 1509, 1511 (1st Cir. 1983)).

With respect to the applicable statute of limitations, "a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued . . . ." 29 U.S.C. § 255(a). The employee bears the burden of showing that the employer acted willfully. *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988); *Palmer v. Stewart County Sch. Dist.*, 178 Fed. Appx. 999, 1005 (11th Cir. 2006). "To establish a willful violation the FLSA, [the plaintiff] must show that [the defendant] either knew or showed a reckless disregard for the matter of whether its conduct was prohibited by the statute." *Palmer*, 178 Fed. Appx. at 1005 (citing *McLaughlin*, 486 U.S. at 133).

Mere negligence is insufficient to support a finding of willfulness. *Id.*; *see also Reich v. Ala. Dept. of Conservation and Natural Res.*, 28 F.3d 1076, 1084 (11th Cir. 1994). In response to the motion, Letcher did not cite to evidence that, he contends, would be sufficient to establish that the defendants' failure to pay overtime compensation as required by the FLSA was willful. Moreover, the many pages the parties have devoted to argument regarding whether the FLSA applies to Letcher support a finding that the defendants did not know or act in reckless disregard of the requirements of the FLSA with respect to Letcher. Accordingly, summary judgment is appropriate in favor of Crawford and Dolohanty on the issue of whether their actions were willful violations of the FLSA. Accordingly, the statute of limitations in this case bars recovery for any overtime compensation found to be due and owing before January 11, 2004, which is two years before the complaint in the present case was filed.

For the foregoing reasons, Defendants' Motion for Summary Judgment, doc. no. 35, with respect to the executive exemption, the administrative exemption, and Dolohanty's status as an employer under the FLSA is **DENIED**. For the foregoing reasons, Defendants' Motion for Summary Judgment, doc. no. 35, is **GRANTED** with respect to the applicable statute of limitations. **DONE** and **ORDERED** in Orlando, Florida on May 23, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties